IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-0472-PAB

JACQUELINE GWILT, individually and as the authorized representative of the Estate of Robert Quentin Sharpe,

    Plaintiffs,

v.

HARVARD SQUARE RETIREMENT & ASSISTED LIVING, and
WATERMARK RETIREMENT COMMUNITIES,

    Defendants.

## ORDER

    This matter is before the Court on Defendants' Response to Order to Show Cause [ECF 24] [Docket No. 25]. The Court issued an order to show cause on May 7, 2021 because it found that defendants' allegations regarding subject matter jurisdiction were not well pled. *See generally* Docket No. 24.

    The notice of removal alleged that the Court has subject matter jurisdiction based on federal question, 28 U.S.C. § 1331, and diversity, 28 U.S.C. § 1332. Docket No. 1 at 1. However, the Court found that defendants' allegations were not sufficient to establish jurisdiction under either statute. Docket No. 24 at 14, 22. Defendants now withdraw their assertion of diversity jurisdiction because they have learned that a "corporation in the ownership structure"[1] has a principal place of business in New York, which defeats complete diversity, as plaintiff is also a New York Citizen. Docket No. 25

---

[1] Defendants do not indicate which defendant's "ownership structure" is at issue.

at 2 n.1.  Defendants "reiterate" all arguments that they presented in the notice of removal and assert only federal-question jurisdiction in their response.  *Id.* at 2.

Defendants restate many of the same arguments that the Court found insufficient in the order to show cause, including that the Court has federal-question jurisdiction over the case because plaintiff's claims fall within the "purview" of the Public Readiness and Emergency Preparedness Act ("PREP Act") since the claims "arise from and relate to" defendants' actions taken to prevent the spread of COVID-19, and that the PREP Act is a complete preemption statute.  *Id.*  The Court need not consider these arguments again.  Defendants also ask for jurisdictional discovery to "further elucidate how Plaintiff's claims fit within the scope of the PREP Act's immunity."  *Id.* at 12.

The Court previously declined to determine whether the PREP Act affords complete preemption and would thereby permit removal because the Court determined that the PREP Act did not apply to plaintiff's claims.  Docket No. 24 at 6, 11.  Defendants' response to the show cause order does not change this conclusion.  However, even if defendants had shown that the PREP Act applied to plaintiff's allegations, the Court would find that the Act does not completely preempt state law[2] and therefore that removal is improper.  The only additional authority that defendants provide on the PREP Act is *Rachal v. Natchitoches Nursing & Rehab. Ctr. LLC*, 2021 U.S. Dist. LEXIS 105847, at *4 n.3 (W.D. La. Apr. 30, 2021).  *Rachal* appears to be one of only two cases out of dozens to have found that the PREP Act provides complete

---

[2] Only complete preemption, not express preemption, which is an affirmative defense that a plaintiff's state-law claim has been preempted by a federal statute, supports removal. *Felix v. Lucent Techs.*, 387 F.3d 1146, 1153–1158 (10th Cir. 2004).

preemption. *See Schleider v. GVDB Operations, LLC*, 2021 WL 2143910, at *3 (S.D. Fla. May 24, 2021) (collecting cases and explaining that only one other court found that the PREP Act provides complete preemption).

The Court joins the majority of courts finding that the PREP Act is not a complete preemption statute, as discussed in the order to show cause. *See* Docket No. 24 at 5–6 (noting that the Supreme Court has endorsed complete preemption with respect to only four statutes, § 301 of the Labor Management Relations Act, § 502(a)(1)(B) of the Employee Retirement Income Security Act, the National Bank Act, and the Federal Deposit Insurance Act).

Complete preemption occurs where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). As the Court previously noted, complete preemption is not to be lightly invoked. *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1205 (10th Cir. 2012); *Connolly v. Union Pac. R.R. Co.*, 453 F. Supp. 2d 1104, 1109 (E.D. Mo. 2006) ("Courts have cautioned against an expansive application of the exception."). For a statute to completely preempt, it must "provide[] the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Courts almost unanimously hold that the PREP Act does not provide the exclusive cause of action for claims that fall within its scope. *See, e.g., Dupervil v.*

*Alliance Health Operations, LLC*, 2021 WL 355137, at *9 (E.D.N.Y. Feb. 2, 2021). This is because the PREP Act does not provide a cause of action, but is an "immunity statute; it does not create rights, duties, or obligations." *Id.* (citing 42 U.S.C. § 247d-6d(a)(1)). In providing immunity to "certain covered persons for certain types of claims, the PREP Act confers primary jurisdiction over most claims within its scope not to the federal courts but to the Secretary [of Health and Human Services ("HHS")], who has the sole authority to administer and provide compensation from a 'Covered Countermeasure Process Fund.'" *Id.* at 9 (citing 42 U.S.C. §§ 247d-6e(a), 247d-6e(b)). Even with PREP Act claims involving "willful misconduct," which must be brought in the United States District Court for the District of Columbia, a plaintiff must first exhaust administrative remedies and may chose to accept compensation from the Covered Countermeasure Process Fund instead of filing suit in federal court. *Id.* (citing 42 U.S.C. §§ 247d-6e(d)(1), 247d-6e(d)(5), 247d-6d(d)(1), 247d-6d(e)(1)).

      Defendants appear to concede the exhaustion point in their motion to dismiss. Defendants argue that, once the Court discharges the show cause order, the case should be dismissed because plaintiff has failed to "exhaust the exclusive administrative remedies available to her under the PREP Act before filing this lawsuit." Docket No. 12 at 3; *see also Dupervil*, 2021 WL 355137, at *9 (noting that defendants "ma[de] plain their purpose in removing: '[T]his Court must retain jurisdiction, and thereafter, it should conclude that the PREP Act applies for dismissal of this case.'"). As in the notice of removal, defendants rely on the January 8, 2021 Advisory Opinion by HHS Office of General Counsel, AO 21-01. *See, e.g.*, Docket No. 1 at 9–11, ¶¶ 25–28,

4

Docket No. 25 at 7–8.  AO 21-01 provides no help, however, as it states that it "does not have the force or effect of law."  *See Dupervil*, 2021 WL 355137, at *10 (quoting AO 21-01 at 5, available at https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/2101081078-jo-advisory-opinion-prep-act-complete-preemption-01-08-2021-final-hhs-web.pdf (last visited May 28, 2021)).  Thus, courts have found that, even assuming that Congress intended to delegate authority to the Secretary and General Counsel of HHS "generally to make rules carrying the force of law," AO 21-01 was not "promulgated in the exercise of that authority," is not entitled to deference, and lacks the "power to persuade."  *See, e.g.*, *id.* (citing *United States v. Mead Corp.*, 533 U.S. 218, 226–27, 235 (2001) (deciding that no deference is due where an agency's rule or opinion was not "promulgated in the exercise of" any delegated congressional authority)); *Thomas v. Watson Woods Healthcare Inc.*, 2021 WL 1862432, at *1 (D. Ariz. May 10, 2021); *Golbad v. GHC of Canoga Park*, 2021 WL 1753624, at *3 (C.D. Cal. May 4, 2021); *Shapnik v. Hebrew Home for the Aged at Riverdale*, 2021 WL 1614818, at *13 (S.D.N.Y. Apr. 26, 2021); *Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, 2021 WL 1561306, at *8 (M.D. Tenn. Apr. 21, 2021); *Mitchell v. Advanced HCS, LLC*, 2021 WL 1247884, at *4 (N.D. Tex. Apr. 5, 2021).  The Court thus finds that the PREP Act does not completely preempt plaintiff's state-law claims such that those claims are actually removable federal-law claims.

Defendants also request limited discovery so that they can "further elucidate how Plaintiff's claims fit within the scope of the PREP Act."  Docket No. 25 at 12.  Defendants state that if this request for discovery is denied, they will face prejudice "as

they would be forced to defend this action despite their entitlement to immunity." *Id.* The Court will deny the request. A district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, yet such discovery is discretionary. *See Nancy P. Assad Trust v. Berry Petroleum Co.*, No. 13-cv-00544-PAB, 2013 WL 1151912, at *2 (D. Colo. Mar. 20, 2013) (citing *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal" (internal citations omitted))); *see also Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) ("An appellate court will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (ellipsis removed)). While "refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant," *Sizova v. Nat.'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002), "the burden of demonstrating a legal entitlement to jurisdictional discovery – and the related prejudice flowing from the discovery's denial – [is] on the party seeking the discovery." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

Here, there is no evidence of prejudice because defendants may make these same arguments and seek to dismiss plaintiff's claims in state court. *See Nancy P.*

*Assad Trust*, 2013 WL 1151912, at *3 (noting that "there is no indication that dismissing this case will prejudice plaintiff by depriving it of a forum in which to assert[] its claims"); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[T]he court [will] not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had – but did not – before coming through the courthouse doors, even though the court would have the inherent power to do so.").

Moreover, it is unclear what evidence defendants believe will be uncovered in limited discovery. *See Robertson v. Big Blue Healthcare, Inc.*, 2021 WL 764566, at *12 (D. Kan. Feb. 26, 2021) (denying jurisdictional discovery request in PREP Act case for this reason); *Saunders v. Big Blue Healthcare, Inc.*, 2021 WL 764567, at *12 (D. Kan. Feb. 26, 2021) (same). The Court finds plaintiff's allegations sufficient to determine that it does not have subject matter jurisdiction over this case. *See Nava v. Parkwest Rehab. Ctr. LLC*, 2021 WL 1253577, at *4 (C.D. Cal. Apr. 5, 2021). Finally, granting such a request would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *See Foremost Signature Ins. Co. v. Am. Emergency Response & Recovery Co., LLC*, No. 20-cv-00299-PAB, 2020 WL 3469699, at *2 (D. Colo. June 25, 2020) (quoting *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004)).

Because it does not appear from the face of plaintiff's complaint that plaintiff's claims arise under federal law, *see Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., Inc.*, 475 F.2d 262, 264 (10th Cir. 1973) (no right to removal on face of plaintiff's complaint, which "[did] not invoke any federal laws," "[made] no mention of a federal

law," and did not "allege that the cause [arose] under any such law"), the Court does not have jurisdiction pursuant to 28 U.S.C. § 1331.

It is therefore

**ORDERED** that this case is **REMANDED** to the District Court for the City and County of Denver, Colorado, where it was originally filed as Case No. 2021CV30261. It is further

**ORDERED** that Defendants' Motion to Dismiss Verified Complaint and Jury Demand [Docket No. 12] is **DENIED as moot**.

DATED June 30, 2021.

                                            BY THE COURT:

                                            PHILIP A. BRIMMER
                                            Chief United States District Judge